UNITED STATES *v.* J. GERBER & Co., INC.  (No. 5241)*

United States Court of Customs and Patent Appeals, May 11, 1967

*John W. Douglas,* Assistant Attorney General, *Morton Hollander, Harvey L. Zuckman* for the United States.

*John D. Rode* (*Ellsworth F. Qualey,* of counsel) for appellee.

[Oral argument February 6, 1967 by Mr. Zuckman ; submitted on brief by appellee]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges and WILLIAM H. KIRKPATRICK**

SMITH, Judge, delivered the opinion of the court:

The government appeals from the decision of the Customs Court, First Division, 55 Cust. Ct. 275, C.D. 2590, sustaining appellee's protest that the importations, described as "20 light vinyl rose set, all non-screw base," were properly dutiable by similitude under par. 1559(a), Tariff Act of 1930, as modified, as articles, n.s.p.f., composed wholly or in chief value of glass.

The importations were invoiced as "Christmas Tree Sets" and consist of sets of electric lights, twenty in number, connected by wiring, wherein each light is surrounded or enclosed within a plastic rose including petals and leaves. The sets consist of plastic, metal and glass. The importations were classified by the collector under par. 1518(a), Tariff Act of 1930, as modified, as articles, n.s.p.f., in chief value of artificial flowers, composed of "other" materials.

According to the opinion of the court below: [1]

It was stipulated between counsel that the merchandise in question is in chief value of plastic and that if it is not dutiable under paragraph 1518, as assessed, then it is not such an article which is directly enumerated under any of the provisions of the tariff act * * *.

\*      \*      \*      \*      \*      \*      \*

It was stipulated between counsel for the respective parties that if the merchandise is dutiable by similitude, it is dutiable under paragraph 218(f) of the

---

*C.A.D. 916.

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] One judge, concurring, was critical of certain aspects of the stipulations advanced by the parties.

Tariff Act of 1930, as modified, *supra*, by virtue of paragraph 1559(a) of the Tariff Act of 1930, as amended, at 30 per centum ad valorem as articles, not specially provided for, composed wholly or in chief value of glass * * *.

The issue in this case has been narrowed to the question as to whether or not the articles under protest are properly dutiable under paragraph 1518(a) of the Tariff Act of 1930, as modified, *supra*, as articles in chief value of artificial flowers of "other" materials. If they are not, then, under the stipulations entered into between counsel for the respective parties, heretofore referred to, said articles are properly classifiable under paragraph 218(f) of the Tariff Act of 1930, as modified, *supra*, by similitude to articles composed wholly or in chief value of glass at the rate of 30 per centum ad valorem, as claimed.

## In sustaining the protest the court below reasoned:

In the case at bar, the record, as heretofore indicated, shows that the so-called flowers are permanently attached to strings of lights and that such strings are used in the same manner and for the same purpose as are the well-known Christmas lighting sets for decoration on Christmas trees and in other areas in the home, or in store window displays during the Christmas season. In our opinion, the involved lighting sets are not properly classifiable as articles in chief value of artificial flowers. They are something more than artificial flowers. The particular item has wiring, socket bases, and wiring attachments devoted solely to the purpose of a complete lighting set. While the plastic roses attached to these lighting sets may be somewhat employed for decorative purposes * * * that factor alone does not make the lighting set an article in chief value of artificial flowers. The involved items are not "dedicated to the same uses to which articles containing natural flowers, leaves, stems, etc., might be employed, for decorative or ornamental purposes." See *Mottahedeh Creations, Ltd., et al.* v. *United States*, 43 Cust. Ct. 9, C.D. 2095. As a practical matter, natural flowers or petals or leaves could not be used in the manner in which the plastic petals and leaves are used in the involved lighting sets, even temporarily. In our opinion, the reasoning applied by the court in the *Coro, Inc.*, [39 CCPA 154, C.A.D. 478] and *Marshall Field & Co.* cases, *supra*, [45 CCPA 72, C.A.D. 676] apply with equal force in the case at bar. The involved articles "are neither appropriate nor suitable for the well-known purposes or ornamentation to which artificial flowers may be temporarily devoted."

## The government agrees as to the applicability of *Marshall Field*, commenting as follows:

In *Marshall Field & Co.* v. *United States*, 45 C.C.P.A. (Customs) 72, 80–81, this Court noted that the decisional process in cases of this sort involved inclusion or exclusion from the definition of artificial flowers "in accordance with common understanding" and that common understanding included questions of closeness of simulation, suitability to the ornamental use of real flowers, size of the item, primary function and ordinary common sense. * * *

## The government's position here is succinctly stated:

In view of the electrical wiring, the Government does not contend that the sets are "wholly" artificial flowers. Nor does the Government contend that the plastic roses here are precisely the same as natural roses. What the Government does contend, as a matter of simple observation, is that the sets are composed in chief value of the artificial roses because they are in the main composed of artificial flowers and are designed to do solely what natural flowers do, i.e., ornament and decorate. *Marshall Field & Co.* v. *United States*, supra at 79.

Appellee answers the above argument as follows:

Subjected to the rules enumerated in the *Marshall Field* case it is quite clear that this light set is not an article in chief value of artificial flowers. This article is obviously a lighting set and more than artificial flowers. It has wiring, socket bases and wiring attachments devoted solely to the purpose of a complete lighting set. It is called and in fact is a lighting set. Its essential character is a lighting set, and not artificial flowers.

The difficulty with the government's position, as we see it, is that the court below found from the evidence of record and the applicable law that the importations were not articles in chief value of artificial flowers and the burden was upon the government to demonstrate where the lower court erred. The only argument of record in this regard is that "as a matter of simple observation" the imports are in chief value of artificial flowers and therefore the lower court erred.

We have viewed the sample of record and are not persuaded that the lower court erred either in its evaluation that the article "has wiring, socket bases, and wiring attachments" as well as artificial roses or in its conclusions. In view of its detailed consideration of the various parts of the sample, it is apparent that the court below did consider that the importations were neither wholly *or* in chief value of artificial flowers as required by par. 1518(a). See *United States* v. *Henry A. Wess, Inc.*, 54 CCPA 47, C.A.D. 903. We fail to see where the court below either overlooked or misconstrued anything in par. 1518(a). Nor is its decision contrary to *Marshall Field*, supra.

The judgment of the lower court is therefore *affirmed*.